*317 OPINION of the Court, by
Judge Owsley.
In the year 1780, Samuel Bryant having a commissioners’ certificate for a pre emption of 1000 acres of land, to lie about three miles from Bryant’s Station, assigned the game to John Bradford, for which Bradford executed his bond to Bryant for a conveyance of part thereof, when a title should be procured.
After this Bryant sold to Samuel Kelly 500 acres, part of the aforesaid tract; but not being entitled to that quantity under his contract with Bradford, gave him other lands for the deficiency, and Bradford then gave his obligation to Kelly, under the penalty of 5000/. conditioned “ as soon as possible to make or cause to be made á sure and indefeasible right and title, such as the: state makes, in and to 500 acres of land (in fee simple) to lie on the north branch of the north fork of Eik-horn, with a spring on it, and the creek running through it,” &c. Kelly some time thereafter took possession of the land, and died, leaving the complainants in the court below his heirs and representatives. To obtain a conveyance for the quantity of land contained in Bradford’s bond, they exhibited their J>ill in equity. They charge that Bradford, a number of' years ago, laid off the 500 acres to their deceased father, upotp vbich he settled ; but that he so laid it off as to comprehend within its *318 boundary upwards of 100 acres which are covered by a, military claim owned by Benjamin Howard, and which, they understand and are advised is. superior totheclain^ of Bradford ; that they are uninformed whether the land.as actually laid off contains the fall quantity of 500, acres; that Bradford had in the tract of 1000 acres more land clear of dispute than was necessary to satisfy his, bond, and still, owns a sufficiency, or nearly so, to make up the deficiency occasioned by the interference with Howard. They prayed for a conveyance by a deed-with a clause of general warranty to the full quantity of 500 acres, clear of dispute, and general relief, &c.
Upon bill for fpecific perfor fiance, if the vendor’s title to a part of the land fold is doubtful, the court cannot compel the ven. dor to make good, that part by a conveyance of land out of the fame fur. vey to which he &as «n undifpu • ted title, but will give á com . peniation Iri mo ney for the part of the land to which the ven dor’s title is doubtful.
In fuch £afe the vendor hav4 ing a<Sed in goedfattbin the fsle, the mea-faieof compen* íilion is the price given by the obligee with mtereft,not the prefent value of the land.
Decree re verfed in part and affirmed in part, each parly to pay his own coás.
Bradford by his answer admits he obtained the assignment of the pre-emption certificate from Samuel Bryant, for which he gave his obligation to Bryant for 300 acres of land, part thereof ; that Bryant afterwards sold to Samuel Kelly 500 acres, part of said tract, and agreed to exchange with him (Bradford) 200 acres elsewhere, to make up Kelly’s quantity ; and that at Kelly’s request he did, in August 1780, execute the bond upon which this suit is founded ; but he avers it was not the understanding of him (Bryant) or Kelly that a general warranty deed should be made, but only such a title as he should receive from the state. He admits Kelly settled on-the land sold to him, and which was laid off to him at his request; but he does not admit Howard’s claim interferes with that laid off to Kelly, and if it: does, he denies its superiority. He refers, for the; true quantity, to the certificate of the deputy surveyor by whom the land was laid off to Kelly : he admits that he refused to convey the land by a deed of general warranty, but.avers he did prepare, and has acknowledged in the clerk’s office of the proper county, a deed with as clause of special warranty, to the complainants for the land laid off to Kelly, and that he is willing to make further or other conveyance according to the terms of his contract.
The court below considering the interference with Howard’s claim sufficiently established* and .beings of opinion it is superior to Bradford’s foy so much as is -claimed by Howard, decreed Bradford to convey on the other end of his tract of 1000 acres, and also decreed him to convey th* Manee of the survey made for Kelly after excluding that part claimed by Howard ; the con-» *319 veyánce to be made by a deed of special warranty. From this decree both parties have appealed to this court.
As this is a suit brought against Bradford for the specific execution of a contract, it seems proper that we should in the first place determine upon the construction and efficacy of the obligation by which that contract is evidenced. Whether Bradford is bound to convey by a deed with a clause of genera! or special warranty ?
Whatever might have been oar opinions, were this a case of the first impi ession, we feel ourselves constrained by the authority of the case of Cowan vs. White, in this court, (Pr. Dec. 177) to declare that a general,(a) and noc special warranty is required by the bond. In all cases, and especially those bv which the titles to real property are involved, it is highly important for the peace and quiet of the community that uniformity of decisions in this court should be preserved and main-tamed as far as practicable. The case of White and Cowan has long since been published, and the principles there recognised generally known and understood ; and as it was the decision of the court of ultimate and final determination in this country, many may have made contracts under impressions that it contained a correct expression of the law by which their contracts would be expounded. The recognition of a different rule at this day might, therefore, tend to overreach contracts made in faith of that decision* and subject parties to contracts to greater liabilities than they themselves intendeds We feel ourselves bound, therefore, to adhere to the principles adopted in that case.
But it was contended in argument that the presen- is unlike that case, because the bond of Bradford does not express to have been given for value received j whereas the obligation in the case of White and Cowan contained such expressions. That circumstance, we apprehend, should noc, however, produce any effect on the construction of the bond: for although the bond does not so express it, yet by necessary implication and intendment a valuable consideration is implied.
But it was again contended, a general warranty deed should not be decreed, because from the nature of the contract between Bradford and Bryant, such could not fcave been the intent of the parties j and because too, *320 the evidence in the cause clearly shews that such a deed was not t0 rctluired.
What would have been the effect of the obligation first given by Bradford to Bryant, in a contest with them, we deem unnecessary in this cause to determine, because we are of opinion the evidence clearly proves a valuable consideration passing, from Kelly to Bryant for the land, and the execution of the bond in question in consequence of Kelly’s discharging Bryant from his liability. The case as to Kelly', thereiore, stands as upori a valuable consideration, and must be so taken in the decision of this contest. If, then, Bradford’s bond by its terms imports an obligation for a general warranty deed, that implication cannot be repelled by the production of parol evidence of what was the understanding of the parties: for it is clear the operation of general expressions in an obligation cannot be restrained by parol evidence- — See Sug. Vend. 117, and the authorities there cited.,
As Bradford’s bond, thereiore, imposes on him ah obligation to make a general warranty deed, it becomes' necessary in the next place to inquire what decree the complainants in the court below have shewn themselves entitled to ? From the description contained in the bond, and various other circumstances detailed in evidence, we have no doubt but the land intended by the parties lies in the north end of Bradford’s tract of 1000 acres, and is comprehended in the boundary of the deed referred to by Bradford in his answer. To so much, therefore, of that boundary as Bradford has shewn a good and indefeasible title, he should be compelled to convey by deed of general warranty. But it is contended for the heirs of Kelly, that they should not be compelled to take a title to that part of the land claimed by Howard, because they allege his claim is superior to Bradford’s. We deem it unimportant in this case to decide on the relative dignity or superiority of those claims, because to make the best of the case for Bradford, his right to that part of the land is extremely doubtful, and in a suit for the specific execution of his contract equity w.ill not compel the purchaser to take such a title. Nor should the circumstance of Kelly many years ago taking possession of that part of the laud under Bradford, and afterwards surrendering that *321 possession, affect his case : for as Bradford held the legal title and’was bound to Kelly for a title, to enable him to comply with his obligation he should have investigated and settled the title.
The heirs of Kelly should not therefore be compelled to take a title to the land claimed by Howard, But as that part of the land constitutes part of Kelly’s purchase, we have no dcubt but that the court below erred in decreeing Bradford to make up that quantity by convey-. ing other land in a different part of his tract: for that would be making Bradford convey land he never sold; and although equity may compel the execution of contracts, it cannot make for the parties a new contract. So rtiuch of the decree, therefore, as requires Bradford to convey land in the south end of his tract, is clearly erroneous.
But as Kelly’s heirs cannot be compelled to take the land claimed by Howard, the question occurs, what is the measure of compensation to which they are entitled?
It is satisfactorily proven that when Bradford gave hiS obligation, he then believed the land now claimed by Howard belonged to him : he should, therefore, in the decision of this case, be considered in the attitude of ah honest seller of that to which he conceived he had title. And in such a case it has been repeatedly held(a) and is now the settled rule of the court, that the valué of the land when the contract was made, with interest, forms the rule for compensation.. That value should, however, we apprehend, in the present case, be ascertained, if practicable, by the price given by Kelly for the land : for as it is the consideration passing.from Kelly that fixes the liability of Bradford, the same consideration should regulate the measure of compensation.
The decree of the court below must' therefore be reversed; the cause remanded to that court, and a decree there entered Conformable to this opinion ; and such» farther orders and decrees there made as may be necessary to carry into effect the'' principles herein recogí nised. Each party must pay "his own costs in .this court.

See also, Steele vs. Mitchell. Pr. Dec. 47-Bard vs. Grundy's heirs, Pr. Dec. 195-Flemming vs. Harrison's devisees, vol, 2, 171.

 See Booker vs Bell, ante 176-vol. 2, 276, Strode vs. Cox-568, Cosby vs. West- 590, Davis vs. Hall